[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11634
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-01242-CV-2-JFG,
BKCY No. 05-04943-TBB-7

IN RE:


RICHARD G. POFF, JR.,

                                                                    Debtor.

_____

GREGORY DENNIS,

                                                                    Plaintiff-Appellant,

                                    versus

RICHARD G. POFF, JR.,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 2, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Gregory Dennis, an alleged creditor acting pro se, appeals the district court's affirmance of the bankruptcy court's denial of his motion to reopen bankruptcy proceedings in connection with debtor Richard Poff's Chapter 7 petition. Because the bankruptcy court did not abuse its discretion by denying the motion after concluding that Dennis's attempts to reopen the bankruptcy proceedings were untimely, the district court correctly affirmed the bankruptcy court's ruling.

The relevant underlying facts of this case are as follows: Dennis hired Poff, an attorney, to represent him in a legal malpractice claim against Dennis's former attorney. Dissatisfied with Poff's representation, Dennis filed a malpractice action against Poff in February 2005. In May 2005, Poff filed a voluntary Chapter 7 bankruptcy petition; he did not list Dennis as a creditor in the petition. In August 2005, Poff filed a suggestion of bankruptcy in the state court to stay the malpractice action. Pursuant to the suggestion of bankruptcy, the state court dismissed the malpractice action without prejudice. On August 15, 2005, Dennis received a copy of the suggestion of bankruptcy and the order from the state court dismissing the action. On August 17, 2005, the bankruptcy court filed its order of discharge and closed the bankruptcy case.

2

Two years later, in August of 2007, Dennis filed a motion in the bankruptcy court seeking to set aside the discharge and reopen the bankruptcy proceedings. The bankruptcy court found that Dennis had notice of the bankruptcy proceedings in August 2005 and that more than two years had passed since the discharge had been ordered. Accordingly, because a creditor must request a revocation of a discharge "within one year after such discharge is granted," the bankruptcy court denied Dennis's motion as untimely. 11 U.S.C. § 727(e). Dennis moved for reconsideration, which the court denied.

Undeterred, Dennis filed a renewed motion to set aside discharge. At the hearing on this renewed motion, held on January 15, 2008, the court deferred ruling on the motion and instead directed the trustee to reopen the bankruptcy case and conduct a Rule 2004 examination of Poff's assets. Thereafter, upon the motion of the trustee, the court reopened the proceedings to allow the trustee to conduct the Rule 2004 examination. After the Rule 2004 examination was held on February 8, 2008, the trustee reported that there were no new assets to be administered. Accordingly, the bankruptcy court again closed the case on April 7, 2008.

On April 17, 2008, Dennis again moved to reopen the bankruptcy case. On May 1, 2008, the bankruptcy court denied this motion to reopen based on "the

3

reasons set forth in the three prior hearings and the two prior orders on this matter." Dennis timely moved for reconsideration on May 8, 2008. After conducting a hearing, the bankruptcy court denied the motion to reconsider in a written order entered June 14, 2008. Thereafter, on June 18, 2008, Dennis appealed to the district court.[1] The district court concluded that the bankruptcy court did not abuse its discretion by denying Dennis's motion to reopen and affirmed the bankruptcy court's order. This appeal followed.

Our court has jurisdiction over this matter under 28 U.S.C. § 158(d). "As the second court of review of a bankruptcy court's judgment," we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court. In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004). Accordingly, we review the bankruptcy court's denial of a motion to reopen for abuse of discretion. See Langham, Langston & Burnett v. Blanchard, 246 F.2d 529, 535 (5th Cir. 1957);[2] see also In re Lindsay,

---

[1] Generally, the bankruptcy rules require a motion to appeal to be filed within 10 days of the entry of the challenged judgment. Fed. R. Bankr. P. 8002(a). The timely filing of a Bankruptcy Rule 9023 (analogous to Fed. R. Civ. P. 59(e)) motion to "alter or amend" – also known as a motion to reconsider – causes the time for appeal to run from the entry of the order disposing of the last such motion outstanding. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 68 (1982) (noting that post-judgment motions to "reconsider" are "almost without exception treated as Rule 59 motions [to alter or amend], regardless of their label"). Accordingly, because Dennis filed his notice of appeal within 10 days of the denial of his motion to reconsider, he timely appealed the May 1, 2008 judgment denying his motion to reopen.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to

4

59 F.3d 942, 950 (9th Cir. 1995).  We review the findings of fact made by the bankruptcy court for clear error.  In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  A factual finding is not clearly erroneous unless "this court, after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed."  Lykes Bros., Inc. v. United States Army Corps of Engr's, 64 F.3d 630, 634 (11th Cir. 1995) (internal quotation marks omitted).  This Court conducts a de novo review of "determinations of law, whether from the bankruptcy court or the district court."  In re International Administrative Services, Inc., 408 F.3d 689, 698 (11th Cir. 2005).

On appeal, Dennis reasserts the arguments in favor of reopening the bankruptcy proceedings that he has made multiple times: that the bankruptcy court should not have closed the case in 2005 without including Dennis as a listed creditor; that Dennis's debt was non-dischargable under 11 U.S.C. § 523; that he did not receive notice of the pending bankruptcy proceeding in time to file objections; and that he could raise the issue at any time under Bankruptcy Rule 4007.  In its May 1, 2008 order, the bankruptcy court, incorporating its previous orders and the reasons set forth on the record in the previous hearings, found that Dennis had notice of the bankruptcy proceedings as early as August 2005 and

---

October 1, 1981.

waited until 2007 – more than two years after the bankruptcy proceedings had closed – to seek to reopen the proceedings. Accordingly, the bankruptcy court concluded that the case could not be reopened under 11 U.S.C. § 727.

We have reviewed the record in this case and conclude that the bankruptcy court's findings of fact are supported by the record and that it did not abuse its discretion in denying Dennis's motion to reopen as untimely. Accordingly, we affirm the district court's order.

AFFIRMED.